CR:04-52 J. Lisi

# United States Court of Appeals

## For the First Circuit

# MANDATE

---

No. 04-2058

UNITED STATES,

Appellee,

v.

DANIEL DAVIDSON,

Defendant, Appellant.

---

Before

Boudin, Chief Judge,
Lynch and Lipez, Circuit Judges.

---

JUDGMENT

Entered: May 16, 2005

Appellant's prose motion to file a supplemental brief is granted.

Appellant Daniel Davidson appeals his sentence of 37 months imprisonment for possession of child pornography in violation of 18 U.S.C. § 2252(a)(5). The sentence was imposed consecutive to the 28 year state sentence defendant is serving for child molestation. Having carefully reviewed the record in this case, including the briefs of the parties, we affirm. We note only the following.

We find no error in the sentencing court's decision to impose its sentence as consecutive to, rather than concurrent with, defendant's state sentence. The sentencing court properly took into account the sentencing factors listed in 18 U.S.C. § 3553(a) and supportably determined that, in light of those factors, a consecutive sentence was "a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).

Second, Davidson fails to show that the imposition of his sentence under mandatory guidelines warrants remand for resentencing under plain error review. A defendant who was sentenced prior to the Supreme Court decision in United States v. Booker, 125 S.Ct. 738 (2005), "ordinarily . . . must point to

circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guideline's Booker regime." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). While this court will "not be overly demanding as to proof of probability where, either in the existing record or by plausible proffer, there is a reasonable indication that the district judge might well have reached a different result under advisory guidelines," United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005), Davidson has not shown any likelihood that the court would have given him a lesser sentence. Although Davidson alludes to several factors which he alleges might have led the court to impose a lower sentence under an advisory regime, each of these factors was either present in the Pre-Sentence Report or otherwise known to the court below. Nevertheless, the court not only sentenced Davidson to the maximum term allowable under the Guidelines and ran the sentence consecutive to the state sentence but explicitly declared that it "would use the power that it does have in order to protect children from [Davidson] as long as it can." We find no reasonable probability that the district court would have imposed a lesser sentence had it understood the Guidelines to be simply advisory.

Affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________________

Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. R 41.**

**Richard Cushing Donovan, Clerk**

**Deputy Clerk**

**Date:** JUN 06 2005

[cc: Messrs: Roy, Davidson, Lockhart and Reich]