THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE UNITED STATES

VS. CA:04-052L

DANIEL DAVIDSON
UNITED STATES NAVY

**MOTION TO DISMISS AND/OR**

**RUN TIME TO SERVE CONCURRENT**

**WITH THE STATE OF RHODE ISLAND**

Now comes the defendant Daniel Davidson, and moves this Honorable Court to find in favor of this motion to Dismiss his Federal Conviction, or in the alternative, have the Federal time to serve run concurrent to his sentence currently being served in the A.C.I. in the State of Rhode Island.

The reason for this action is covered in the attached pages and Memorandum of Law, This Honorable Court, The United States Attorney, and Defense counsel, were badly misinformed as to the travel of this case before this court, and this conviction and/or plea agreement, that is in direct contradiction to this courts ruling of 11 July 2002, where this court turned Jurisdiction of the Defendant over to the State of Rhode Island, after his motion for Court-Martial, and Federal prosecution was denied by this very court under the defendants case, (02-234ML.)

Respectfully Submitted,

Daniel E. Davidson

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

THE UNITED STATES

VS. CA: 04-234ML

DANIEL DAVIDSON
UNITED STATES NAVY

**MEMORANDUM OF LAW**

Now comes the defendant Daniel Davidson, in support of his motion to Dismiss and/or Modify his time to serve in Federal Prison:

The defendants rights to due process in the above case have been violated, when the United States District Court "Denied" his motion and case filed for Court-Martial, after the United States Navy failed to charge this defendant, the lawful transfer of Jurisdiction over this Defendant fell clearly upon the United States District Court, who ruled on the State of Rhode Islands Motion in Objection to Removal, and turned full Jurisdiction of this case and all evidence from this Joint Investigation of the defendant, over to the State of Rhode Island.

As it is clearly noted in the record of this Court, the Judge had concern over why the U.S. Attorney took so long to bring this case forward, but he was under the impression that no other action had been done on this case, while the entire case had been turned over to the State, and all evidence there-in, fell directly under his State Plea Agreement.

This defendant was required to contact the Navy and request for a Court-Martial, the Executive Officer of the Navies Judge Advocate Generals Corp in Groton Ct (Lt. Salter), informed the defendant No Service Connection was involved in the Case, and that the Navy would not take the Case, and that the Next step in the case was the Federal District Court.

This defendant did file the Writ of Habeas Corpus, and 5A Petition also required, See: 28 USCA 1443(1), 10 USCA 801, 10 USCA 802(a)(4), and 28 USCA 1442, with the first submittion being made in November 2000, and the second submition being the 14th of June 2002, with a copy being sent to the United States Attorney General, and was waived by Acquiescene by the Navy, and the U.S. Attorney. See: The United States Supreme Courts ruling by military case U.S. vs. Newton 18Ct.C1435, and 10 USC 804.10.

That this Defendant did also request by motion and was granted his motion for such Federal Attorney in June 2002, Yet! no such attorney was provided, leaving this defendant a lay-person to understand the judical system himself.

Also, that this defendant was entitled to know of any communications or nagotiations between prosecutors and or agents of the Government or other Judicial Districts, this protection was set by the United States Supreme Court in U.S. vs. Petite 361 US 529, and Federal Policy 9-2.142. along with NON-Service

Connection that clearly violates the Secretary of the Navy Artical 37, 15, and Op.Atty. Gen. 569.

It is also clearly upon the Government to bring charges to the next authority in the chain of command, that is also shown by the United States Supreme Court ruling in Evens vs. Kilroy 33 M.J. 730.

This defendant filed all the required forms and motions prior to the District Courts ruling or 11 July 2002, and if any charges were to come out of this Joint Investigation, they should have be provided to the State and this defendant prior to his State Plea Agreement.

It is also cridical to note, that the main reason that this Honorable Court ruled in favor of the State of Rhode Islands motion in objection to removal, was that the Office of the Rhode Island Attorney General told the Court that "NO FEDERAL CHARGES WERE COMMING FORWARD IN THIS CASE".

ThereFore: The defendant respectfully moves this Honorable Court to GRANT his motion to DISMISS and/or Run his time CONCURRENT with the State Of Rhode Island.

Respectfully,

Daniel Davidson
Chief-USN-Retired
P.O. Box 8273
Cranston, RI 02920

certificate of service

I do hereby state that a true copy of this motion and all attached papers have been sent to the U.S. Attorney and this Court.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DANIEL E. DAVIDSON | : | |
| | : | |
| v. | : | C.A. No. 02-234 ML |
| | : | |
| ASHBEL T. WALL, Director of the Rhode Island Department Of Corrections, SHELDON WHITEHOUSE, Attorney General of the State of Rhode Island | : | |

## OBJECTION TO MOTION FOR REMOVAL

Now comes the State of Rhode Island, by and through its attorneys, and hereby objects to petitioner's Motion For Removal. In support thereof, the State relies upon the attached Memorandum of Law.

Respectfully submitted,

STATE OF RHODE ISLAND
By Its Attorneys,

SHELDON WHITEHOUSE
ATTORNEY GENERAL

VIRGINIA M. McGINN, #4525
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

## CERTIFICATION

I hereby certify that on the 10th day of June, 2002, I placed a copy of the within document in the U.S. mail, postage prepaid, to Daniel E. Davidson, Pro-Se, P.O. Box 8249, Cranston, RI 02920.

22 MAY 2002

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

**Daniel E. Davidson**
**United States Navy**

**-against-**

**Federal Case #** 02-234ML
**State Case #** **W/01-0054A**

**A. C. I. Warden A.T. Wall,**
**State of Rhode Island**
**Office of The Attorney General,**

**Writ of Habeas Corpus Petition**
**By a Person in State Custody**

This Writ of Habeas Corpus is filed in Forma Pauperis Pro-Se by Daniel Davidson, a current member of the Armed Forces of the United States under the Department of the Navy, and a Pre-Trial Detainee requesting injunctive relief under 28 USC 2241 and 2255 and title 10 USC.

This petitioner also requests appointment of Counsel under 28 USC 848(q)(4)(B), and 18 USC 3006(A)(a)(2)(B). in conjunction with this Writ of Habeas Corpus, Petitioner also requests Application for Stay of Prosecution under 28 USC 2251 and motion for evidentiary hearing under 28 USC 2254(d).

The court has jurisdiction over the plaintiff's claims of violation of federal Constitutional Rights under 28 USC 2241, 2255 and 42 U.S.C. $ 1336 and 1331. The court has supplemental Jurisdiction over plaintiff's claim to Title 10 USC 816(3), 801, 817(7) and 32 CFR 750.15.

The plaintiff, Daniel Davidson, is incarcerated at the Adult Correctional Facility in Cranston, Rhode Island as a pre-trial Detainee and Federal Officer with a Congressional Appointment. This petitioner is under a Court Order of Protective Custody that is not being followed. Plaintiff is qualified as a current member of the Armed Forces under Pay with the Department of The Navy. Plaintiff has made an election for transfer of all State and local criminal charges to Federal jurisdiction as authorized under Title 10 USC 801.

5/16/02

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Daniel E. Davidson
United States Navy

-against- Federal Case # 02-234 ML

A. C. I. Warden A.T. Wall,
State of Rhode Island
Office of The Attorney General,

## Motion to appoint Federal Attorney

This Writ of Habeas Corpus is filed in Forma Pauperis Pro-Se by Daniel Davidson, a current member of the Armed Forces of the United States under the Department of the Navy, and a Pre-Trial Detainee requesting injunctive relief under 28 USC 2241 and 2255 and title 10 USC.

This petitioner also requests appointment of Federal Counsel under 28 USC 848(q)(4)(B), and 18 USC 3006(A)(a)(2)(B). in conjunction with this Writ of Habeas Corpus and the Criminal proceeding at Bar. Petitioner also requests Application for Stay of Prosecution under 28 USC 2251 and motion for evidentiary hearing under 28 USC 2254(d). The alleged criminal charges came about from a joint investigation with the Department of the Navy (NCIS), Federal Bureau of Investigation, and local law enforcement authorities with the State of Rhode Island.

According to Lt. Salter, who is with The U.S. Department of Defense Judge Advocate General Corp. in Groton CT. an attorney will be provided to assist the court appointed counsel in this case. Lt. Salter stated in his letter that they will only assign an attorney to the petitioner to assist Court appointed counsel, and are restricted from full representation under the UCMJ. under the color of office and Joint investigation between Federal and State agencies, authority is clearly with the U.S. District Court.

THEREFORE; Petitioner request appointment of a Federal Attorney to represent the petitioner in all matters before this court, and in the criminal proceedings currently pending in State Court for transfer.

Respectfully,

Daniel E. Davidson

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
,, SC. Superior Court

State of Rhode Island

V.

State Case #
Federal Case # 02-234 ML

Daniel Davidson

**VARIFIED 5A PETITION**
**and Writ of Habeas Corpus**

**Notice of filing of removal for Criminal Defendants**
**denied civil rights in state prosecution**

Now comes the Petitioner Daniel Davidson, and serves Notice to this Honorable Court of the submission of a Civil 5A Petition for Violation of Constitutional Rights of this petitioner, under Right to due process in accordance with **10 USCS 801, 802(a)(4) and 28 USCS 1442.**

The above-entitled and pending criminal prosecution of removing party in Washington County Superior Court for the crime set forth in case number: W/01-0054A constitutes a denial of removing party's civil rights. Such denial is unlawful and is a violation of those rights secured to removing party by the laws and statutes of the United States providing for equal civil rights of all citizens of the United States.

Further, such denial is in derogation of the guaranty of equal protection of the law provided by the Fourteenth Amendment to the Constitution of the United States.

Accordingly, the above-entitled criminal prosecution may be removed to this Court pursuant to 28 USCS 1443(1). Allowing removal of officers and military members to federal court or for such action involving joinder of separate and independent criminal prosecution from State to federal court for actions brought against a member of the federal Government. See Mesa v. Calf. 489 US 121, 103 L Ed 2d 99.

The petitioner informs this Honorable Court that the criminal case at bar has been placed on the Federal calendar for review of Constitutional Rights violations on June 14th 2002, a status conference pertaining to the issues contained within this Petition is scheduled.

Respectfully,

Daniel Davidson

**CERTIFICATE OF SERVICE**

I the undersigned do hereby states that I have caused a true copy of the above motion to be mailed, postage paid, to the Office of the Attorney General, 4800 Tower Hill Road WakeField, RI 02879 on the 22nd Day of May 2002.

IN ~~Court~~ PETITE, VS. U.S., the Solicitor General moved to have the judgment vacated on the basis of the Government's policy against dual prosecution as would be the situation in this case with the Military. The court's per curiam opinion, which remanded with instructions that the Government be allowed to dismiss the Indictment, was the first judicial recognition of the policy.

The Petitioner is ALSO entitled to know of the existence of any other investigation which might lead to Charges or an Indictment for the same transaction or investigation in order that appropriate Motions to Dismiss may be filed. Furthermore, the Petitioner is entitled to know of any communications or negations between prosecutors and agents in the judicial District with others in Districts where he may later be Charged in order to avoid any attempts by officials to time Indictments or Charges in such a manner as to appear not to violate the Petite policy as may be the situation in this case.

This motion is required to provide PROPER due process and allow for proper assistance BY DEFENCE counsel to be fully advised on the law.

WHEREFORE, ~~Counsel for the~~ Petitioner Daniel Davidson requests, that this Court enter an Order requiring the State of Rhode Island and United States Government to admit or Deny the existence of other investigations and potential Charges to include Military UCMJ Court proceedings to afford the Petitioner due process of law and ability to obtain a fair trial.

Respectfully Submitted,

Daniel E. Davidson

CERTIFICATE OF SERVICE

I the undersigned do hereby states that I have caused a true copy of the above motion to be mailed, postage paid, to the Office of the Attorney General, 4800 Tower Hill Road WakeField, RI 02879 on the 6 Day of JANUARY 2002.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

WASHINGTON COUNTY, SC SUPERIOR COURT

STATE OF RHODE ISLAND :
:
vs. : C.A. No. W1/01-0054A
:
DANIEL DAVIDSON

## STATE'S MOTION TO CLARIFY

Now comes the State of Rhode Island, by and through its attorneys Sheldon Whitehouse, Attorney General, and Assistant Attorneys General Cindy Soccio and Stacey Veroni and moves that this honorable court clarify defendant's correspondence entitled "Clearification of Facts to Plea Agreement of 5 July 2002."

As basis for the State's motion to clarify, the State is in receipt of said correspondence dated July 16, 2002 (attached) **in which the defendant avers that "the State has continued to paint an uncorrect picture of the facts in this case, but I was told by my attorney to say "yes" to everything or we would be going to trial."**

In filing said correspondence, defendant now, after entering a plea on July 5, 2002, but prior to sentencing, denies the allegations of said indictment suggests that he was somehow coerced into admitting to the facts.

The defendant's correspondence calls the voluntariness of the plea into question. From its language, the defendant hints that this is a prelude to a rule 32(d), motion to withdraw plea.

As the court is aware, "a motion to withdraw a plea of nolo contendere is addressed to the sound judicial discretion of the court and a decision of the court will not

be disturbed by the Supreme Court unless there is a clear abuse of discretion." See State v. Eason, 786 A.2d 365, 367 (R.I. 2001); quoting Lemme v. Langlois, 104 R.I. 352, 358, 244 A.2d 271, 274 (1968); see also State v. Carroll, 110 R.I. 532, 535, 294 A.2d 187, 189 (1972).

The language contained in the defendant's correspondence dated July 16, 2002 is not clear. He seems to indicate that he was "forced" to enter a plea with the threat of trial. He also calls into question the advice of counsel.

If the language of defendant's July 16, 2002 motion is not clarified, it is a near certainty that an application for post conviction relief will be filed.

STATE OF RHODE ISLAND

SHELDON WHITEHOUSE
ATTORNEY GENERAL

By
Stacey Veroni (5073)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2332

## Hearing date requested

Now comes the State of Rhode Island and requests that a hearing be scheduled for **August 15, 2002** on State's motion to clarify and requests that a habeas issue for the defendant that day.