## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

     v.                                          CR. No. 04-052-ML

Daniel E. Davidson

### MEMORANDUM AND ORDER

Petitioner Daniel E. Davidson ("Davidson"), proceeding *pro se*, has filed (1) a motion to reduce his sentence pursuant to Fed. R. Crim. P. 35(b) (Dkt. No. 58), and (2) a motion to vacate and set aside judgment of conviction.(Dkt. No. 59). For the reasons stated below, Davidson's motions are denied.

### I.  Background and Travel

On July 27, 2000, Davison was arrested for child molestation and kidnaping a minor with the intent to commit child molestation. A search of Davidson's vehicle in connection with the July 27, 2000 arrest resulted in the seizure of materials containing child pornography. On September 13, 2002, after pleading *nolo contendere* to charges of child molestation and kidnaping, Davidson was sentenced by a Rhode Island state court to two concurrent sentences of 60 years incarceration, with 28 years to serve and 32 years suspended, with 32 years probation.[1]

---

[1]

According to the materials Davidson submitted in support of his motions, Davidson's request for parole was denied on November 18, 2009; he will next be considered for parole on November 1, 2014. (Dkt. No. 62-17).

On May 4, 2004, pursuant to a plea agreement, Davidson pleaded guilty in this Court to a one-count information charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), a Class D felony. Prior to sentencing by this Court, Davidson sought a downward departure (Dkt. No. 16) and he requested that his sentence run concurrently with the sentence imposed upon him by the Rhode Island state court on the molestation and kidnaping charges. The Court denied both of Davidson's motions; it granted, however, the government's motion for a third level decrease in offense level for acceptance of responsibility (Dkt. No. 17).

On July 30, 2004, the Court imposed a sentence of 37 months imprisonment, the maximum sentence it could impose under the then mandatory federal sentencing guidelines. The sentence was ordered to run consecutively to the state sentence Davidson was already serving. Judgment (Dkt. No. 21). After Davidson filed an appeal from his sentence on August 4, 2004 (Dkt. No. 23), he also filed a motion for reconsideration in this Court, requesting that his federal sentence run concurrently with his state sentence (Dkt. No. 27). Davidson's motion was dismissed (Dkt. No. 42). On May 16, 2005, the First Circuit Court of Appeals denied Davidson's appeal and affirmed the consecutive sentence this Court had imposed upon him. (Dkt. No. 51). The First Circuit concluded that there was "no reasonable probability that the district court would have imposed

2

a lesser sentence had it understood the Guidelines to be simply advisory." Judgment at 2, <u>United States v. Daniel Davidson</u>, No. 04-2058 (1st Cir. May 16, 2005).

More than seven years after his appeal was denied, Davidson filed a motion to reduce his sentence pursuant to Fed. R. Crim. P. 35(b)(2)(A), (Dkt. No. 58), and a motion to vacate and set aside the judgment of conviction. (Dkt. No. 59). The government filed an objection (Dkt. No. 64) to both motions in which it asserted, *inter alia*, that Rule 35(b)(B)(2) was not available to Davidson as a basis for the relief he was seeking and that his motion to vacate his conviction was time-barred. In response, Davidson filed a reply, (Dkt. No. 65), and an objection to the government's classification of his motion to vacate as one under 28 U.S.C.§ 2255 (Dkt. No. 67).

Before proceeding to the substance of Davidson's motion, the Court will address the procedural aspects of Davidson's motions and the Government's objections thereto. Fed. R. Crim. P. 35(b)(2)[2] allows for the reduction of a sentence for "substantial assistance" in investigating or prosecuting another person "[u]pon the government's motion..." Fed. R. Crim. P. 35(b)(2). The government has not filed a motion under Rule 35(b) and nothing in the record indicates that Davidson provided such assistance. Accordingly, no

---

[2]

Although Davidson's motion is titled "Rule 35(2)(A) Motion," his references pertain to Rule 35 (b)(2).

provision in Rule 35(b) can provide a basis for Davidson's motion.

Although Davidson objects to the government's treatment of his motion to vacate as a motion pursuant to 28 U.S.C. § 2255, it is evident from his pleading that the motion falls substantively within the scope of § 2255. See United States v. Lloyd, 398 F.3d 978, 979-980 (7th Cir. 2005)("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.")(emphasis in original). Davidson seeks to set aside and vacate his federal conviction after his direct appeal was denied. As such, it falls squarely under the purview of Section 2255 and is subject to any applicable timeliness requirements.

## II. Standard of Review

Pursuant to Section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Relief under Section 2255 is available only if the Court finds

4

a lack of jurisdiction, constitutional error, or a fundamental error of law.  See United States v. Addonizio, 442 U.S. 178, 184-84, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (holding that "an error of law does not provide a basis for a collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'")(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). A fundamental error of law is a defect "'which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994) (quoting Hill v. United States, 368 U.S. at 428, 82 S.Ct. at 471)).

Pursuant to 28 U.S.C. §2255 (f), a motion to vacate, set aside, or correct a sentence is subject to a timeliness requirement. Ramos-Martinez v. United States, 638 F.3d 315, 320-321 (1st Cir. 2011)(noting that "[t]he AEDPA [Antiterrorism and Effective Death Penalty Act of 1996] establishes a one-year limitations period for habeas petitions filed by prisoners in federal custody").

Section 2255(f) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion

created by governmental action in violation of the
Constitution or laws of the United States is removed, if
the movant was prevented from making a motion by such
governmental action;

(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or

(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence. 28 U.S.C. § 2255(f).

Where, as here, a prisoner's conviction is affirmed on direct
appeal and "Supreme Court review is not sought, 'a judgment of
conviction becomes final when the time expires for filing a
petition for certiorari contesting the appellate court's
affirmation of the conviction.'" Ramos-Martinez v. United States,
638 F.3d at 320-321 (quoting Clay v. United States, 537 U.S. 522,
525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)). "In a federal criminal
case, a petition for a writ of certiorari must be filed within 90
days of entry of the judgment by a court of appeals." Id.; Sup.Ct.
R. 13.1.

### III. Davidson's Section 2255 Motion

Davidson's conviction became final on August 15, 2005, 90 days
after the First Circuit denied Davidson's direct appeal and
affirmed his sentence. The one-year limitations period expired on
August 15, 2006. Davidson's motion was not filed until October 15,
2012 and thus it is time-barred. Davidson has provided no

explanation for the untimeliness of his motion, nor does he provide any basis for equitable tolling.

With respect to the additional arguments that Davidson has raised in his motions the Court has considered those arguments and finds them to be without merit.

## V.    Conclusion

For all of the foregoing reasons, Davidson's motion to vacate and set aside the judgment of conviction is DENIED and DISMISSED. Likewise, Davidson's motion asserted pursuant to Fed. R. Crim. P. 35(b)(2) is DENIED and DISMISSED.

### Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability ("COA") because Davidson has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Davidson is further advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.  <u>See</u> Rules Governing Section 2255 Cases, Rule 11(a).

SO ORDERED.

<u>/s/ Mary M. Lisi</u>

Mary M. Lisi
United States District Judge

February 3, 2014